Opinion issued August 28, 2014



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00245-CV

———————————

## IN THE INTEREST OF S.D., A CHILD

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-01028J**

## MEMORANDUM OPINION

This is a parental termination case. The trial court terminated the mother's parental rights to her child, S.D. The mother's court-appointed appellate counsel has filed a motion to withdraw along with an *Anders* brief stating his professional opinion that the appeal is without merit and that there are no arguable grounds for reversal. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). The

procedures set forth in *Anders* are applicable to an appeal of the termination of parental rights when an appointed attorney concludes that there are no nonfrivolous issues to assert on appeal. *See In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). We affirm the trial court's judgment and grant counsel's motion to withdraw.

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, his obligation to his client is to seek leave to withdraw. *Id.* Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that after a complete review of the record, the request to withdraw is well-founded. *Id.* Here, counsel has certified that he delivered a copy of the brief to the mother and informed her of her right to examine the appellate record and to file a response. *See id.* at 408.

The brief submitted by the mother's appointed appellate counsel states his professional opinion that no arguable grounds for reversal exist and that any appeal would therefore lack merit. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.* at 744, 87 S. Ct. at 1400; *Schulman*, 252 S.W.3d at

407–008. This Court notified the mother of her right to review the record and to file a pro se response. She did not file a response.

When we receive an *Anders* brief from an appellant's appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *See Johnson v. Dep't of Family & Protective Servs.*, No. 01–08–00749–CV, 2010 WL 5186806, at *1 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.); *see In re K.D.*, 127 S.W.3d at 67; *In re D.E.S.*, 135 S.W.3d 326, 330 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Thus, our role in this appeal is to determine whether arguable grounds for appeal exist. *See Johnson*, 2010 WL 5186806, at *1. If we determine that arguable grounds for appeal exist, we will abate the appeal and remand the case to the trial court to allow the appointed attorney to withdraw. *See id.* at *2. Then, the trial court will appoint another attorney to present all arguable grounds for appeal. *See id.* "'Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised.'" *Id.* (quoting *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005)).

However, if our independent review of the record leads us to conclude that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no

3

reversible error. *Id.* Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). An appellant may challenge the holding that there are no arguable grounds for appeal by petitioning for review in the Supreme Court of Texas. *See Johnson*, 2010 WL 5186806, at *2.

Following *Anders*, we have reviewed the record and counsel's *Anders* brief. We conclude that no reversible error exists. Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[*] Attorney William M. Thursland must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Justices Massengale, Brown, and Huddle.

---

[*] Appointed counsel still has a duty to inform the mother of the result of this appeal and notify her that she may, on her own, pursue a petition for review in the Supreme Court of Texas. *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

4